RECEIVED
AUG 14 2026
PRO SE OFFICE

ORIGINAL



**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT CLIVILLÉS,<br><br>Plaintiff,<br><br>-against-<br><br>FREEDOM WILLIAMS, an individual; FREEDOM WILLIAMS ENTERTAINMENT, LLC, a New York limited liability company; BIG MAC ENTERTAINMENT, LLC; and DOES 1 through 20,<br><br>Defendants. | Civil Action No.: 26-cv-4981<br><br>COMPLAINT FOR:<br><br>(1) TRADEMARK INFRINGEMENT 15 U.S.C. § 1114<br>(2) FALSE DESIGNATION OF ORIGIN 15 U.S.C. § 1125(a)<br>(3) TRADEMARK CANCELLATION 15 U.S.C. § 1119<br>(4) FRAUD ON THE USPTO<br>(5) UNFAIR COMPETITION<br>(6) UNJUST ENRICHMENT<br>(7) FRAUD<br>(8) DEFAMATION<br>(9) BREACH OF CONTRACT<br><br>JURY TRIAL DEMANDED<br>PRO SE FILING |

Gujarati, J
Goldenberg, MJ

---

## COMPLAINT

Plaintiff Robert Clivillés, individually and as co-founder, surviving principal, and sole authorized user of the C+C Music Factory name and brand pursuant to the October 4, 1996 Estate Settlement Agreement ("Plaintiff"), appearing pro se, brings this action against Defendants Freedom Williams ("Williams"), Freedom Williams Entertainment, LLC ("FWE"), Big Mac Entertainment, LLC ("Big Mac"), and Does 1 through 20 (collectively, "Defendants"), and alleges as follows:

## I. NATURE OF THE ACTION

1. This is a federal civil action for trademark infringement, false designation of origin, trademark cancellation, fraud on the USPTO, unfair competition, unjust enrichment, fraud, defamation, and breach of contract arising from Defendants' unauthorized and willful commercial exploitation of the C+C Music Factory name, brand, and trademark. Plaintiff seeks compensatory damages of no less than Ten Million Dollars ($10,000,000.00), treble damages under 15 U.S.C. § 1117(a) bringing the total Lanham Act award to Thirty Million Dollars



REC'D IN PRO SE OFFICE
AUG 14 '26 PM12:57

($30,000,000.00), punitive damages under New York law, cancellation of USPTO Registration No. 4775972, and permanent injunctive relief.

2. The name C+C Music Factory stands for Clivillés and Cole Music Factory. It refers exclusively to Robert Clivillés and David Cole, who created the group in New York City in 1990 and are the sole members of C+C Music Factory. Defendant Freedom Williams served exclusively as a featured guest artist on specific recordings, along with three other featured guest artists: Zelma Davis, Martha Wash, and Deborah Cooper. Six additional background and guest vocalists also appeared on C+C Music Factory recordings: Aaron Bernard, Craig Derry, Norma Jean Wright, Duran Ramos, Victoria Clamp, and Yolanda Lee. Mr. Williams was never a founder, co-owner, or a signed group member of C+C Music Factory. Mr. Williams was released from his Cole and Clivillés production contract on or about June 29, 1992 to pursue his solo career as Freedom Williams on Sony Music. He toured for several years as a solo artist under his own name but suddenly began performing as C+C Music Factory in or around 1996 without any authorization from Plaintiff Clivillés, following the commercial failure of his solo career. Beginning in 1996 and continuing to the present, Williams has been performing without authorization under the C+C Music Factory name, obtaining fraudulent trademark registrations in a name that refers to two other people, collecting five thousand to ten thousand dollars per unauthorized show worldwide, and most recently releasing commercial recordings and expanding the unauthorized use of the brand to entirely new parties through Defendant Big Mac Entertainment, LLC.

## II. PARTIES

### A. Plaintiff

3. Plaintiff Robert Clivillés is an individual residing in the States of New York and Florida. He is the co-founder and surviving principal of C+C Music Factory and the sole authorized user of the C+C Music Factory name and brand pursuant to the October 4, 1996 Estate Settlement Agreement with the Estate of David Cole, described herein.

### B. Defendants

4. Defendant Freedom Williams, also known as Frederick Brandon Williams, is an individual residing at or associated with 473 Herkimer St., Brooklyn, New York 11213. He is the principal of Freedom Williams Entertainment, LLC and the individual directly responsible for the unauthorized use of the C+C Music Factory trademark described herein.

5. Defendant Freedom Williams Entertainment, LLC is a New York limited liability company registered at 473 Herkimer St., Brooklyn, New York 11213. It is the registrant of USPTO Registration No. 4775972 for the mark C&C Music Factory, which Plaintiff seeks to cancel herein.

6. Defendant Big Mac Entertainment, LLC is the record label that released the infringing recording Into The Future (2026) under the C+C Music Factory trademark without Plaintiff's authorization. ~~Its principal address is to be determined through discovery~~. Principal address is 740 Bella Vita St., Port Neches, TX 4322

7. Defendants Does 1 through 20 are currently unknown individuals and entities whose identities will be ascertained through discovery and who participated in or facilitated the infringing conduct described herein.

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant Williams and Defendant Freedom Williams Entertainment, LLC reside and are registered in the Eastern District of New York at 473 Herkimer St., Brooklyn, New York 11213, and because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## IV. FACTUAL BACKGROUND

### A. The Creation of C+C Music Factory

10. In the mid-1980s, Plaintiff Robert Clivillés was the resident DJ at the New York City nightclub Better Days, where he met pianist and producer David Cole. Their creative collaboration led to multiple musical projects, including 2 Puerto Ricans, a Blackman and a Dominican (1987) and The 28th Street Crew (1989). Critically, even before the formal launch of C+C Music Factory, Clivillés and Cole had already established and were operating under the producer-driven brand model that would define C+C Music Factory. A 1990 A&M Records vinyl release by The Crew Featuring Freedom Williams, catalog number 75021 7037 1, containing the track Get Dumb! (Free Your Body) in The Clivillés/Cole Club Mix, documents this pre-existing hierarchy on its official label: the record credits the work as Produced, Arranged and Remixed by Robert Clivillés and David Cole for Cole/Clivillés Music Enterprises, while listing Frederick B. Williams, Williams' legal name, only as Associate Producer, a subordinate credit beneath the primary producers. The publishing credits on this record list Robi-Rob Music and Red Instructional Music, Clivillés and Cole's registered ASCAP publishing entities, as the primary rights holders. This pre-C+C Music Factory record, attached hereto as Exhibit E, establishes that the Clivillés and Cole production model predated C+C Music Factory, that Williams occupied a subordinate contributor role under that model before C+C Music Factory was even launched, and that the same creative hierarchy carried directly into the C+C Music Factory enterprise.

11. Plaintiff Robert Clivillés, working as a DJ and music producer, independently created and produced the song Gonna Make You Sweat (Everybody Dance Now) for a New York-based freestyle group called Trilogy that he managed. After Trilogy declined to record the song, Clivillés made the creative decision to use it to launch his own recording project. Clivillés then invited David Cole to join the project as his creative partner. Together, they formalized their collaboration under the name Clivillés and Cole, which they subsequently renamed and commercially launched as C+C Music Factory, the C and C standing for Clivillés and Cole respectively. The foundational creative origin of C+C Music Factory therefore rests with Robert Clivillés as its originator, with David Cole joining as co-creator and partner. The group was not formed by any other party and no other individual contributed to its creation or founding.

12. Sony Music signed Clivillés and Cole directly as C+C Music Factory to a five-album deal before any featured artists were engaged. The C in C+C Music Factory has always stood for Clivillés. The second C has always stood for Cole. The name has never referred to anyone else.

13. Plaintiff Clivillés executed a sworn Affidavit notarized on December 6, 2016 before a Notary Public in Los Angeles County, California, attesting under penalty of perjury to the foregoing facts. That Affidavit is attached hereto as Exhibit A.

**B. Freedom Williams — A Hired Featured Performer**

14. Plaintiff Clivillés met Frederick Brandon Williams, professionally known as Freedom Williams, at Quad Recording Studios in or about 1987, where Williams was then working as an intern responsible for cleaning the studio facility. Clivillés began helping Williams as a recording artist and included him in 1989 as a guest rapper on a Seduction single.

15. With C+C Music Factory off the ground in late 1990, Clivillés and Cole selected four artists to be featured on C+C Music Factory's first full-length album. All four, including Williams, signed production deals with Cole/Clivillés Music Enterprises as independent contractors under a Memorandum of Exclusive Recording Agreement dated January 23, 1990 (the "1990 Agreement"), attached hereto as Exhibit C. Williams was engaged exclusively as a featured vocalist for hire, not as a member, co-founder, or owner of C+C Music Factory in any capacity whatsoever. The 1990 Agreement expressly provides: (a) all master recordings belong to Cole/Clivillés Music Enterprises in perpetuity; (b) Company has the perpetual worldwide right to use Williams' name and likeness; (c) Williams may not perform using his professional name without Company's permission; and (d) Company is entitled to seek injunctive relief for any breach. None of the featured artists were, at any time, a member of C+C Music Factory. The designation of member was reserved exclusively for Clivillés and Cole, as reflected by the group's name itself.

16. The featured-only status of Williams is confirmed beyond dispute by the entire official discography of C+C Music Factory without a single exception. Every commercial release from 1990 to 1991 credits the recording act as C+C Music Factory with Williams appearing exclusively as a featured artist. Specifically: (a) Gonna Make You Sweat (Everybody Dance Now) (November 1990, Columbia Records) is credited as C+C Music Factory Featuring

Freedom Williams, produced and arranged by Clivillés and Cole; (b) Here We Go (Let's Rock & Roll) (February 1991, Columbia Records) is credited as C+C Music Factory Presents Freedom Williams and Zelma Davis, with Williams listed in official vinyl credits as Featuring Vocals only; and (c) Things That Make You Go Hmmm (June 1991, Columbia Records) is credited as C+C Music Factory Featuring Freedom Williams, produced by Robert Clivillés and David Cole. Not a single official commercial release in the C+C Music Factory catalog credits Williams as a member, co-founder, co-artist, or owner of C+C Music Factory. He is exclusively and consistently credited as a featured vocalist. This documented public record of his featured-only status directly and conclusively contradicts any claim by Williams that he was ever a member, principal, co-founder, or owner of C+C Music Factory, and defeats any claim to ownership of the C+C Music Factory trademark. Even Wikipedia's own entry on Freedom Williams describes him as having 'gained fame as the lead rapper on C+C Music Factory's biggest hits,' lists his relationship to the group as 'Formerly of: C+C Music Factory,' and states that 'In the late 1990s, Williams started to perform shows worldwide under the name C+C Music Factory, or a variation of that name,' with C+C Music Factory founding member Clivillés labeling this 'the biggest insult in the world.' Wikipedia does not describe Williams as a founder, co-founder, owner, or member of C+C Music Factory. Even the most widely consulted public reference source in the world confirms that Williams was a featured performer, not a founder. This featured-only status is further confirmed by the original MTV airings of all three C+C Music Factory music videos during the 1990 to 1991 period. During those original broadcasts, MTV's on-screen title cards followed the official Columbia Records video credits and identified the act as C+C Music Factory with featured performers where applicable, specifically: (a) Gonna Make You Sweat (Everybody Dance Now) was identified on-screen as C+C Music Factory Featuring Freedom Williams; (b) Here We Go (Let's Rock & Roll) was identified on-screen as C+C Music Factory Featuring Freedom Williams; and (c) Things That Make You Go Hmmm was identified on-screen as C+C Music Factory Featuring Freedom Williams. At no point during any MTV broadcast of any C+C Music Factory music video was Williams identified as C+C Music Factory alone, as a co-artist billed on equal footing with the group, or as a member or owner of C+C Music Factory. MTV consistently presented C+C Music Factory as the primary artist and brand, with Williams identified solely as the featured performer, fully consistent with Columbia Records' official marketing, the single artwork, and the album credits. The MTV broadcast record thus constitutes independent third-party corroboration, broadcast nationally to millions of viewers, that Williams was a featured performer and never a member, co-owner, or principal of C+C Music Factory.

17. The featured-only status of Williams is further and independently confirmed by Columbia Records and Sony Music's own official commercial releases, marketing materials, and packaging from 1990 to 1991, the full period of Williams' association with C+C Music Factory. Throughout the original Columbia Records and Sony Music commercial campaign, the company consistently defined and marketed the project in the following structure: (a) the recording group and primary artist was C+C Music Factory; (b) the producers and creators were Robert Clivillés and David Cole; and (c) the vocalists and rappers were featured performers identified through featuring credits on specific recordings. This structure was applied uniformly and without exception across every commercial format, including 45 RPM singles, 12-inch singles, CD singles, cassette singles, album covers, press advertisements, music videos, MTV title cards, and Billboard and trade magazine advertising. Specifically, Columbia Records released the following singles crediting C+C Music Factory as the primary artist with Williams as a featured performer only: (i)

Gonna Make You Sweat (Everybody Dance Now), credited as C+C Music Factory Featuring Freedom Williams; (ii) Things That Make You Go Hmmm, credited as C+C Music Factory Featuring Freedom Williams; and (iii) Here We Go (Let's Rock & Roll), credited as C+C Music Factory Featuring Freedom Williams. Additionally, other C+C Music Factory singles from the same period identified other featured performers in the same format, including C+C Music Factory Featuring Zelma Davis on Just a Touch of Love, and C+C Music Factory Featuring Deborah Cooper on various promotional releases and remixes, demonstrating that the featuring credit was a standard industry designation applied to all vocalists on a track-by-track basis and carried no implication of group membership, ownership, or creative control. The debut album itself was released under the artist name C+C Music Factory alone, with Clivillés and Cole identified as the producers and creators, and with Williams, Zelma Davis, Martha Wash, Deborah Cooper, Trilogy, and other performers identified separately in the album credits as performers on individual tracks, not as members of the group. Columbia Records and Sony Music, the world's largest music companies and the commercial publishers of the C+C Music Factory catalog, never at any time identified Freedom Williams as a member, co-founder, co-owner, or co-artist of C+C Music Factory on any official commercial release. This constitutes the definitive commercial and industry record of Williams' status, and it is entirely consistent with his role as a featured vocalist for hire under the 1990 Agreement. This commercial structure was not limited to the United States market. The same fundamental definition of C+C Music Factory as the primary recording act was applied globally across all international Columbia and Sony Music releases, although the exact wording varied by territory and release format. Across European, United Kingdom, Spanish, Latin American, and other international markets: (a) C+C Music Factory remained the principal artist and brand on every release; (b) Freedom Williams, Zelma Davis, and other vocalists were separately identified as featuring artists or as performers presented by C+C Music Factory; and (c) no international release marketed the recordings as Freedom Williams and C+C Music Factory or presented Williams as the sole owner or equivalent of the group. Specifically, European releases of Things That Make You Go Hmmm were billed as C+C Music Factory Featuring Freedom Williams; a Costa Rican release used the same C+C Music Factory Featuring Freedom Williams structure; and European and United Kingdom editions of Here We Go (Let's Rock & Roll) were credited as C+C Music Factory Presents Freedom Williams and Zelma Davis. While occasional releases used shortened labels that simply printed C+C Music Factory and listed performers separately in the internal credits, this variation does not alter the overall commercial hierarchy. The international packaging consistently and repeatedly placed C+C Music Factory first as the primary act, with Freedom Williams and other performers identified underneath or after featuring or presents designations. Globally, Columbia Records and Sony Music treated C+C Music Factory as the continuing primary recording act and commercial identity created around Clivillés and Cole, while Freedom Williams, Zelma Davis, and all other singers and rappers were credited in relation to particular recordings as featured or presented performers only. This worldwide uniformity across every territory and every format constitutes conclusive and irrefutable evidence that Freedom Williams was never, in any jurisdiction or any commercial context, identified as the owner, co-owner, member, or equivalent of C+C Music Factory.

18. The commercial and legal structure of C+C Music Factory is fundamentally and historically analogous to that of a producer-driven recording act, not a fixed-membership vocal group. This distinction is critical to understanding why Defendant Williams' claim to ownership of the C+C Music Factory name is legally and commercially baseless. In the music industry, there are two

fundamentally different models of artist identity. The first is the fixed-membership group model, exemplified by acts such as Gladys Knight and the Pips, Earth Wind and Fire, and Boyz II Men, where the brand consists of permanent members performing together as a single entity and the audience purchases tickets and records expecting all members to be present and identified as the group. The second is the producer-driven featured artist model, exemplified by acts such as Quincy Jones, Giorgio Moroder, and David Guetta, where a primary creative force produces recordings featuring different guest vocalists and performers on a track-by-track basis, with the featured performers identified separately from the core brand. Under the producer-driven model, the featured performers are guests. They are not members of the act. The brand belongs exclusively to the producer. C+C Music Factory is squarely within the producer-driven featured artist model. The brand C+C Music Factory was created around and belongs exclusively to Robert Clivillés and David Cole, who served as the producers, arrangers, musical directors, and creative force behind every C+C Music Factory recording. Different featured vocalists and rappers appeared on different songs, including Freedom Williams, Martha Wash, Zelma Davis, Deborah Cooper, Trilogy, Q-Unique, Vic Black, and others, depending on the creative direction of each recording. This is precisely the same structure used by Quincy Jones on albums such as The Dude and Back on the Block, where James Ingram, Chaka Khan, Ray Charles, Michael Jackson, and other artists appeared as featured performers without becoming members of an act called Quincy Jones. Just as no featured artist on a Quincy Jones record could claim ownership of the Quincy Jones brand by virtue of their guest appearance, Freedom Williams cannot claim ownership of the C+C Music Factory brand by virtue of his featured appearances on three recordings between 1990 and 1991. The featured artist credit on a C+C Music Factory record reflects exactly what it says: Freedom Williams was a guest performer on that recording. He was not the group. He was not the brand. He was not the owner. The brand was, is, and has always been C+C Music Factory, created by and belonging exclusively to Robert Clivillés and David Cole. This producer-driven model is well established and widely recognized throughout the music industry, both historically and in the modern era. Contemporary examples of the same model include David Guetta Featuring Sia, Calvin Harris Featuring Rihanna, Tiesto Featuring Tate McRae, and John Jellybean Benitez, where the featured artist changes from release to release while the producer brand remains constant. In every one of those cases, no featured artist has ever claimed ownership of the producer's brand by virtue of appearing on a single or album. The featured artist credit has always meant exactly one thing in the music industry: a guest performer on that particular recording. It has never conveyed membership, ownership, or any legal right in the primary brand. The artistic model and the legal model are fully consistent in this case. Artistically, C+C Music Factory was a producer-driven brand where featured performers changed from recording to recording. Legally, the trademark rights, the 1990 Agreement, and the 1996 Estate Settlement Agreement all confirm that ownership of the C+C Music Factory name belonged exclusively to Robert Clivillés and David Cole. The artistic reality and the legal record point to exactly the same conclusion: Freedom Williams was a featured guest performer on specific recordings, and nothing more.

19. The complete documented recording chronology of Freedom Williams from 1989 through 1995 establishes without exception that Williams was consistently and exclusively credited as a featured artist, guest artist, or featured rapper throughout his entire association with Clivillés and Cole, and never as the primary act, owner, or principal of any recording project under their production. A thorough search of MusicBrainz, AllMusic, Discogs, and physical record credits confirms the following chronology: (a) 1989, Nothing Matters Without Love, Seduction,

Williams holds a composer credit only with no featured performance credit, demonstrating that even his earliest documented association with Clivillés and Cole was as a subordinate contributor, not as a principal; (b) 1990, Get Dumb! (Free Your Body), The Crew Featuring Freedom Williams, A&M Records, Williams is explicitly credited as a FEATURED ARTIST, confirmed by both the physical vinyl label attached hereto as Exhibit E and independently by MusicBrainz, making this his first documented featured performance credit and establishing the Featuring Freedom Williams designation as the operative description of his relationship to a Clivillés and Cole produced act from the very beginning; (c) 1990, Gonna Make You Sweat (Everybody Dance Now), C+C Music Factory Featuring Freedom Williams, Columbia Records, Billboard Hot 100 number 1, Hot Dance Music/Club Play number 1, Williams credited as featured rapper and artist; (d) 1990 to 1991, Here We Go (Let's Rock & Roll), C+C Music Factory Presents Freedom Williams and Zelma Davis, Columbia Records, Williams credited as featured and guest artist; (e) 1990, Gonna Make You Sweat Album, C+C Music Factory, Columbia Records, Williams credited as featured vocalist and composer on specific tracks, not as a group member or owner; (f) 1990, Step by Step, New Kids on the Block, Williams holds a rap performance credit only, demonstrating he was simultaneously functioning as a guest performer for hire across multiple unrelated projects during the same period; (g) 1991, Things That Make You Go Hmmm, C+C Music Factory Featuring Freedom Williams, Columbia Records, Hot Dance Music/Club Play number 1, Williams credited as featured and guest artist plus composer on this specific track; (h) 1991, Just a Touch of Love, C+C Music Factory, Columbia Records, AllMusic documents Williams as guest artist only; (i) 1991, No More Games: The Remix Album, New Kids on the Block, Williams holds a rap credit only, again demonstrating his simultaneous work as a guest performer for hire on unrelated projects; (j) 1992, Greatest Remixes Vol. 1, C+C Music Factory and Clivillés and Cole, Williams credited for vocals and composer on previously recorded material only; (k) 1993, Freedom, Columbia Records, Sony Music Entertainment, Williams' first and only solo album released under his own name as primary artist, conclusively establishing that Sony and Columbia Records treated Williams and C+C Music Factory as legally and commercially separate entities, signing Williams as a solo artist under his own publishing entity Songs By Freedom XXXX rather than as a continuation or co-owner of C+C Music Factory; (l) 1993, Voice of Freedom, Columbia Records, Williams' lead solo single, peaked at number 74 on the Billboard Hot 100 and number 4 on the Hot Dance Music/Club Play chart, a significantly weaker commercial performance than any C+C Music Factory release produced by Clivillés and Cole, demonstrating that Williams' commercial appeal derived from his association with the C+C Music Factory brand created by Clivillés and Cole rather than from his own independent identity; (m) 1993, Groove Your Mind, Columbia Records, solo single peaked at number 33 on the Club Play chart; and (n) 1993, Puss N Boots The Struggle Continues, Professor X, Williams credited as guest artist only. Critically, a thorough search of 1985, 1986, 1987, and 1988 under the names Freedom Williams, Frederick Williams, Frederick B. Williams, and Frederick Brandon Williams has produced no verified commercially released recording credit predating The Crew record of 1990. Williams did not have a prior featured recording career before Clivillés and Cole gave him his first featured artist credit on The Crew in 1990. His entire recording career as a featured artist was built by and through his relationship with Clivillés and Cole. The featuring designation used on The Crew in 1990 preceded and defined his role on every subsequent C+C Music Factory release, confirming that from his very first commercial credit to his very last C+C Music Factory appearance, Freedom Williams was always the featured performer and never the act.

20. In or about June to August 1991, around the time of the C+C Music Factory single Things That Make You Go Hmm, Williams demanded his release from the 1990 Agreement, stating he did not want to be associated with C+C Music Factory or with Clivillés and Cole's enterprises going forward. He immediately stopped touring with the group. Sony Music negotiated his release and signed him to a full-length multi-album solo deal. Williams' first and only solo album fared poorly commercially.

21. C+C Music Factory continued without Williams. Clivillés and Cole released two more albums and several singles. David Cole died on January 24, 1995.

**C. The 1996 Estate Settlement Agreement and Chain of Title**

22. On October 4, 1996, Plaintiff Clivillés and the Estate of David Cole, acting through Executrix Barbara Warren, entered into a formal Estate Settlement Agreement (the "1996 Agreement"), attached hereto as Exhibit D. Article I(C) of the 1996 Agreement expressly provides that the Estate recognizes Plaintiff Clivillés' right to the exclusive commercial use and exploitation of the names C+C Music Factory, Cole/Clivillés Music Enterprises, CCME, Two Puerto Ricans a Black Man and a Dominican, and Seduction. This agreement constitutes a formal, signed, and documented transfer and recognition of Plaintiff's exclusive rights in the C+C Music Factory name and brand. Plaintiff has never abandoned the C+C Music Factory name and has continuously used it as the name of his record company and in consulting with artists, producers, and the international press.

**D. Williams' Fraudulent Trademark Registrations**

23. On May 17, 2005, Williams, through Freedom Williams Entertainment, LLC, registered the trademark C AND C MUSIC FACTORY with the USPTO as Registration No. 2,951,551, without Plaintiff's knowledge or permission. This registration was cancelled on October 5, 2012 for failure to submit an Affidavit of Use under 15 U.S.C. § 1058(a)(1).

24. On October 29, 2014, Williams, through Freedom Williams Entertainment, LLC, filed a new trademark application for C&C MUSIC FACTORY (USPTO Serial No. 86438725). As part of his application, Williams affirmed falsely and knowingly that he was the owner of the mark and that no other persons had the right to use the mark in commerce. These statements were false. Plaintiff Clivillés created the mark in 1990 and has continuously used it in commerce since that date. Williams knew this. The Registration was successfully issued as Reg. No. 4775972 on July 21, 2015, by means of Williams' fraudulent statements to the USPTO.

25. In December 2016, Plaintiff filed a Petition to Cancel Reg. No. 4775972 before the USPTO Trademark Trial and Appeal Board (TTAB), Cancellation No. 92064948, on grounds of priority and likelihood of confusion, false suggestion of a connection with persons, and fraud on the USPTO. Freedom Williams Entertainment, LLC filed an Answer and Affirmative Defenses on January 17, 2017, through counsel, admitting in paragraph 16 thereof that Williams desired to

disassociate from C+C Music Factory. The TTAB proceeding was dismissed with prejudice on June 25, 2018 solely due to Plaintiff's prior counsel's failure to file a trial brief. No tribunal has ever adjudicated the substance of Plaintiff's cancellation claims on the merits.

**E. Williams' False Public Claims**

26. Williams has been performing shows under the C+C Music Factory name without authorization since the late 1990s, collecting between five thousand and ten thousand dollars per booking in the United States, Australia, Brazil, and elsewhere. Williams has falsely and publicly represented himself as the founder and creator of C+C Music Factory, including on the Brazilian television program Domingao do Faustao, where he falsely told the host that he wrote and produced Gonna Make You Sweat. Plaintiff Clivillés wrote and produced that song. Williams has made this false claim to global television audiences under the C+C Music Factory brand.

27. When Plaintiff first became aware that Williams was performing under the C+C Music Factory name, Plaintiff asked Williams to bill himself as 'Freedom Williams formerly of C+C Music Factory.' Williams complied briefly before resuming his infringing conduct.

**F. The 2026 Infringing Conduct**

28. On May 29, 2026, Williams posted a seven-minute video to the official C+C Music Factory Instagram account, which he controls through his fraudulent trademark claim, filmed while sitting on a toilet. In this video, broadcast under the C+C Music Factory brand to the group's fanbase and the general public, Williams made statements invoking Adolf Hitler, used repeated racial slurs, and directed vulgar and sexually degrading language at members of the public. Plaintiff Clivillés had no warning of and no input into these statements and was forced to launch a competing official C+C Music Factory Instagram account to publicly disavow Williams' conduct.

29. On or about June 2, 2026, Plaintiff publicly issued a formal legal warning calling for legal action against Williams for defamation of character and the unauthorized use of the C+C Music Factory name. All Defendants are on actual notice of Plaintiff's legal objections as of at least this date.

30. On June 12, 2026, ten days after Plaintiff's public legal warning, Defendants Williams, Freedom Williams Entertainment, LLC, and Big Mac Entertainment, LLC released a new commercial single titled Into The Future through Big Mac Entertainment Records, explicitly marketed and branded as a C+C Music Factory release. The single was issued in three commercial versions and made available on Spotify, Apple Music, Amazon Music, YouTube Music, Tidal, and more than 80 additional digital platforms. This release was made with full knowledge of Plaintiff's legal objections, establishing willful and deliberate infringement.

## V. CLAIMS FOR RELIEF

**COUNT I: Trademark Infringement (15 U.S.C. § 1114)**

31. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

32. Defendants' use of the C+C Music Factory trademark in connection with live performances, commercial recordings, and streaming distribution without Plaintiff's authorization constitutes trademark infringement in violation of 15 U.S.C. § 1114. Defendants' use is likely to cause confusion as to the source, sponsorship, and authorization of Defendants' goods and services. Defendants' infringement has been willful and deliberate, entitling Plaintiff to treble damages under 15 U.S.C. § 1117(a).

**COUNT II: False Designation of Origin (15 U.S.C. § 1125(a))**

33. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

34. Defendants' use of the C+C Music Factory name in commerce falsely designates the origin of their performances and recordings as being those of the original founder-led C+C Music Factory, in violation of 15 U.S.C. § 1125(a). Defendants' conduct is likely to deceive consumers as to the affiliation, connection, sponsorship, and authorization of Defendants' goods and services.

**COUNT III: Trademark Cancellation (15 U.S.C. § 1119)**

35. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

36. Pursuant to 15 U.S.C. § 1119, this Court has authority to order cancellation of USPTO Registration No. 4775972, registered to Freedom Williams Entertainment, LLC, on the grounds that: (a) the registration was obtained through fraud on the USPTO; (b) Williams had no right to claim ownership of a mark consisting of other persons' initials; and (c) Plaintiff has senior rights in the mark dating to 1990, fourteen years before Williams' claimed first use date of December 15, 2003.

**COUNT IV: Fraud on the USPTO**

37. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

38. Defendant Williams, as agent for Freedom Williams Entertainment, LLC, knowingly and falsely affirmed to the USPTO in connection with the October 2014 trademark application that he was the owner of the mark C&C MUSIC FACTORY and that no other persons had the right to use the mark in commerce. These statements were materially false. Williams knew at the time of filing that Plaintiff Clivillés had created the mark in 1990 and had continuously used it in commerce. Williams' fraudulent statements constitute fraud in the procurement of Reg. No.

4775972 under 15 U.S.C. § 1064(3) and the standard established in In re Bose Corp., 580 F.3d 1240 (Fed. Cir. 2009).

**COUNT V: Unfair Competition**

39. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

40. Defendants have systematically exploited the goodwill, commercial recognition, and cultural legacy of the C+C Music Factory brand built entirely by Plaintiff, without authorization and at Plaintiff's expense. Defendants' conduct constitutes unfair competition under the Lanham Act and under New York common law.

**COUNT VI: Unjust Enrichment**

41. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

42. Defendants have been unjustly enriched through concert fees of five thousand to ten thousand dollars per unauthorized booking, streaming royalties, and recording revenues earned through the unauthorized use of the C+C Music Factory name over more than twenty-five years. Defendants have been enriched at Plaintiff's expense. Plaintiff is entitled to disgorgement of all profits earned by Defendants through their unauthorized use of the C+C Music Factory name.

**COUNT VII: Fraud**

43. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

44. Defendants have made repeated material misrepresentations of fact, including Williams' false claim on Brazilian television that he wrote and produced Gonna Make You Sweat, his false claim to the USPTO that he owns the C+C Music Factory mark, and his ongoing public representations that he is the founder or creator of C+C Music Factory. These misrepresentations were made knowingly and with intent to deceive consumers, promoters, booking agents, record labels, and the public. Plaintiff has suffered damages as a direct and proximate result.

**COUNT VIII: Defamation**

45. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

46. Williams' May 29, 2026 video, posted to the official C+C Music Factory Instagram account and broadcast globally under the C+C Music Factory brand, contained statements invoking Adolf Hitler, racial slurs, and sexually degrading language that were false, defamatory, and injurious to the reputation of the C+C Music Factory brand and to Plaintiff personally. Williams had no authorization from Plaintiff to make any statements on behalf of C+C Music Factory. The false association of the C+C Music Factory brand with these statements has caused and continues to cause irreparable reputational harm to Plaintiff.

**COUNT IX: Breach of Contract**

47. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

48. On January 23, 1990, Cole/Clivillés Music Enterprises and Defendant Williams entered into the 1990 Agreement, attached hereto as Exhibit C. The 1990 Agreement provides that: (a) Company owns all master recordings in perpetuity; (b) Company has the perpetual worldwide right to use Williams' professional name; (c) Williams may not perform using his professional name without Company's permission; and (d) Company is expressly entitled to seek injunctive relief for any breach under Section 16.

49. Defendant Williams has breached the 1990 Agreement by: (a) performing publicly as C+C Music Factory without Company's permission in violation of Section 13; (b) using master recordings owned by Cole/Clivillés Music Enterprises in his performances without authorization in violation of Section 12; and (c) entering into recording and distribution agreements for the release of Into The Future under the C+C Music Factory name without Company's permission, in violation of Sections 12 and 13.

50. Williams' affirmative defenses of estoppel and waiver are directly refuted by the 1990 Agreement he personally signed. Williams cannot claim Plaintiff waived rights that Williams himself contractually acknowledged belonged to the Company in perpetuity. As a direct and proximate result of Williams' breach, Plaintiff has suffered damages including all revenue Williams has earned through unauthorized performances and recordings using the C+C Music Factory name and master recordings owned by Cole/Clivillés Music Enterprises.

## VI. DAMAGES

51. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages including loss of revenue and business opportunities, damage to the reputation and commercial value of the C+C Music Factory brand, loss of control over the C+C Music Factory brand and Instagram account, and costs of remediation.

52. Plaintiff seeks compensatory damages of no less than Ten Million Dollars ($10,000,000.00) based on: (a) concert fees of five thousand to ten thousand dollars per unauthorized booking across more than twenty-five years of unauthorized performances worldwide; (b) streaming and recording revenues from Into The Future and all other unauthorized recordings; and (c) brand damage arising from Defendants' defamatory and inflammatory conduct.

53. Plaintiff seeks treble damages under 15 U.S.C. § 1117(a) based on Defendants' willful infringement, including the deliberate release of Into The Future ten days after receiving

Plaintiff's public legal warning on June 2, 2026, bringing the total Lanham Act damages award to no less than Thirty Million Dollars ($30,000,000.00).

54. Plaintiff seeks punitive damages under New York law based on Defendants' intentional, fraudulent, and malicious conduct spanning more than twenty-five years of deliberate unauthorized exploitation of the C+C Music Factory name and brand.

55. Plaintiff seeks disgorgement of all profits earned by Defendants through their unauthorized use of the C+C Music Factory name, the full amount to be determined through discovery.

56. Plaintiff seeks attorney's fees and costs under 15 U.S.C. § 1117(a) based on the exceptional and willful nature of Defendants' conduct.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Robert Clivillés respectfully requests that this Court enter judgment in his favor and against Defendants, and grant the following relief:

1. Enter a Temporary Restraining Order and, following full briefing, a Permanent Injunction enjoining all Defendants from using the C+C Music Factory name, brand, or trademark in connection with any performance, recording, distribution, or commercial exploitation of any kind;
2. Order cancellation of USPTO Registration No. 4775972 pursuant to 15 U.S.C. § 1119;
3. Order removal of Into The Future and any other unauthorized recordings bearing the C+C Music Factory name from all streaming platforms and digital retailers;
4. Order transfer of administrative control of the C+C Music Factory Instagram account from Defendant Williams to Plaintiff Clivillés;
5. Award compensatory damages of no less than Ten Million Dollars ($10,000,000.00), calculated based on Defendants' documented unauthorized concert fees across more than twenty-five years of unauthorized performances worldwide, streaming and recording revenues from Into The Future and all other unauthorized recordings, and brand damage arising from Defendants' defamatory and inflammatory conduct;
6. Award treble damages under 15 U.S.C. § 1117(a) for Defendants' willful infringement, bringing the total Lanham Act damages award to no less than Thirty Million Dollars ($30,000,000.00);
7. Award punitive damages under New York law for Defendants' intentional, fraudulent, and malicious conduct spanning more than twenty-five years;
8. Order disgorgement of all profits earned by Defendants through unauthorized use of the C+C Music Factory name, the amount to be determined through discovery;
9. Award attorney's fees and costs under 15 U.S.C. § 1117(a); and

**10.** Grant such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**Robert Clivillés**
Plaintiff, Pro Se
100 Sunnyside Drive
Yonkers, New York 10705

Dated: August 14, 2026

**EXHIBITS:**

Exhibit A: Affidavit of Robert Clivillés (December 6, 2016, notarized Los Angeles County)

Exhibit B: Mediabase Song Analysis and Station Playlist Reports (KMJY-LP, July 2026)

Exhibit C: Memorandum of Exclusive Recording Agreement (January 23, 1990, Cole/Clivillés Music Enterprises and Frederick Williams)

Exhibit D: Estate Settlement Agreement (October 4, 1996, Robert Clivillés and Estate of David Cole)

Exhibit E: A&M Records Vinyl Label, The Crew Featuring Freedom Williams, Get Dumb! (Free Your Body), The Clivillés/Cole Club Mix (1990), Catalog No. 75021 7037 1, crediting Produced, Arranged and Remixed by Robert Clivillés and David Cole for Cole/Clivillés Music Enterprises, with Frederick B. Williams credited as Associate Producer only

Sony Music

51 West 52 Street
New York, New York 10019-6165

Address Correspondence To:
P.O. Box 4450
New York, New York 10101-4450
(212) 445-4321

As of June 29, 1992

Cole/Clivilles Music Enterprises
c/o Barbara Warren-Pace
71 West 23rd Street, Suite 1611
New York, New York 10010

Gentlemen:

The following, when signed by you and us (herein sometimes referred to as "Sony"), will modify the agreement between you and us dated as of September 13, 1990, relating to the recording services of Robert Clivilles, David Cole, and such other persons who constitute collectively the group p/k/a "C&C Music Factory" (CRU 90-377(1)), as it may be amended (the "Agreement"). All terms defined in the Agreement will have the same meanings in this agreement.

1. For the purposes of this paragraph 1, "you" shall also include your principals and agents (including but not limited to Robert Clivilles and David Cole). It is both the essence of this agreement and a material inducement for Sony to enter into this agreement that, promptly after the full execution hereof, you and Frederick Williams p/k/a "Freedom Williams" ("Williams") execute a settlement agreement (the "Settlement Agreement") which shall resolve all now-current or previous disputes between you and Williams. You warrant and represent that as a result of such Settlement Agreement, you shall no longer be furnishing Williams's services to Sony in any way (including as an individual recording artist or as a member of C&C Music Factory). You acknowledge that Sony has timely exercised its rights with respect to Williams's direct services as a solo recording artist pursuant to paragraph 20.02 of the Agreement and pursuant to the Artist's Assent and Guaranty appended thereto. (Notwithstanding anything to the contrary contained herein, the terms and conditions of paragraphs 2 through 4 below shall not apply unless the Settlement Agreement has been fully executed.)

2. Notwithstanding anything to the contrary contained in paragraph 3.03 of the Agreement, you shall Deliver the Overcall Album for the first Contract Period to Sony on or before January 31, 1993.

3. (a) Notwithstanding anything to the contrary contained in paragraph 6.02 of the Agreement, and as further consideration for your timely Delivery of the above Overcall Album, the Recording Fund for such Overcall Album shall be in the amount of Three Million Dollars ($3,000,000). (There shall be no other Advance payable for such Album.) Such Recording Fund shall be payable as follows: (i) Two Million Five Hundred Thousand Dollars ($2,500,000) of such Recording Fund shall be payable promptly after the full execution of each of the Settlement Agreement, this modification and a separate modification to the agreement between Williams and Sony with respect to Williams's recording services; (ii) Two Hundred Fifty Thousand Dollars ($250,000) of such Recording Fund shall be payable promptly following our receipt of your accurate notice that you have commenced recording such Album; and (iii) the balance of such Recording Fund shall be payable promptly following the timely Delivery of such Album. You shall be responsible for paying the Recording Costs of such Album in accordance with paragraph 5.01 of the Agreement.

(b) Two Million Five Hundred Thousand Dollars ($2,500,000) of such Recording Fund shall be fully recoupable in accordance with paragraph 14.11 of the Agreement. The remaining Five Hundred Thousand Dollars ($500,000) shall also be fully recoupable in accordance with paragraph 14.11 of the Agreement, except that such $500,000 sum shall not be recoupable from royalties attributable to sales of the first Album of the first Contract Period.

4. Notwithstanding anything to the contrary contained in subparagraph 9.01(a) of the Agreement, the royalty rates for USNRC Net Sales of each Album subsequent to the first Album under the Agreement will be 34% for the first 500,000 USNRC Net Sales of the Album concerned; 35%, rather than 34%, for the next 500,000 units of USNRC Net Sales of such Album; and 36% for USNRC Net Sales of such Album in excess of 1,000,000 units. The provisions of this paragraph 4 shall not apply (i.e., the applicable royalty rates will remain as originally set forth in the Agreement) if Sony notifies you that such Overcall Album for the first Contract Period is late in being Delivered and you fail to Deliver such Album in accordance with the terms of the Agreement within thirty (30) days of your receipt of such notice.

5. Reference is made to the license of the Controlled Composition entitled "GONNA MAKE YOU SWEAT (EVERYBODY DANCE NOW)" to Clairol Corporation for use in television advertisements. You and we hereby agree, that notwithstanding anything to the contrary contained in paragraph 3 above, in complete settlement of any claims Sony may have under paragraph 12.05 of the Agreement with respect to such licensing, we shall deduct the sum of Thirty Eight Thousand Seven Hundred and Fifty Dollars ($38,750) from the execution payment set forth in section 3(a)(i) hereof; provided, however, we shall nevertheless have the right to recoup the full amount of the $3,000,000 Recording Fund for the Overcall Album concerned (including the full amount of such execution payment) from royalties under the Agreement and hereunder, as set forth in such paragraph 3.

6. Except as expressly set forth in this agreement, all of the terms and conditions of the Agreement will remain in full force and effect.

Very truly yours,

SONY MUSIC, A Group of
Sony Music Entertainment Inc.

BSA By ____________________
Ron Wilcox
Senior Vice President
Business Affairs and Administration

COLE/CLIVILLES MUSIC ENTERPRISES

By ____________________

ASSENTED TO:

____________________
ROBERT CLIVILLES

____________________
DAVID COLE

8/14/26, 8:12 AM Mediabase - Song Analysis Report

MEDIABASE®

## Station Detail

**Report Cycle:** Rolling **LW:** 07/31/2026 - 08/06/2026 **TW:** 08/07/2026 - 08/13/2026 **Panel:** Mediabase - All Stations (U.S.) **Format:** Top 40 **Min Spins Cut off:** 5

**Current Song:** C&C MUSIC FACTORY/WILLIAMS...-Into The Future (2026)

| Station | Owner | Song Rk @Station (Currents) | Market Rank | Market | Format | Spins | | | Imp./Mill | Dayparts | | | | | Day By Day Spins | | | | | | | Historical Data | | Format Comparison | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | TW | LW | +/- | | OVN | AMD | MID | PMD | EVE | -1 | -2 | -3 | -4 | -5 | -6 | -7 | First Played | Spins To Date | Avg | +/- |
| KMJY-LP | Chloe Broadca | 10 | -- | Salina-Manhattan | Top 40 | 68 | 66 | 2 | 0.000 | 17 | 10 | 18 | 12 | 11 | 17 | 12 | 12 | 9 | 7 | 5 | 6 | 06/19/2026 | 409 | 68.0 | 0.0 |
| | | | | | | **68** | **66** | **2** | **0.000** | **17** | **10** | **18** | **12** | **11** | **17** | **12** | **12** | **9** | **7** | **5** | **6** | | **409** | **68.0** | **0.0** |

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

| | | |
|---|---|---|
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________________________

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ____________________
was received by me on *(date)* ____________ .

❒ I personally served the summons on the individual at *(place)* ____________________
____________________ on *(date)* ____________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ____________
____________________ , a person of suitable age and discretion who resides there,
on *(date)* ____________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ____________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ____________
____________________ on *(date)* ____________ ; or

❒ I returned the summons unexecuted because ____________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc:

**Revised 03.23.2026; Effective 03.24.2026**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)

| | |
|---|---|
| **I. (a) PLAINTIFFS**<br>ROBERT CLIVILLÉS | **DEFENDANTS**<br>FREEDOM WILLIAMS; FREEDOM WILLIAMS ENTERTAINMENT, LLC; BIG MAC ENTERTAINMENT, LLC |
| **(b) County of Residence of First Listed Plaintiff**<br>(EXCEPT IN U.S. PLAINTIFF CASES)<br>New York | **County of Residence of First Listed Defendant**<br>(IN U.S. PLAINTIFF CASES ONLY)<br>Kings County (Brooklyn), NY |
| **(c) Attorneys (Firm Name, Address, and Telephone Number)**<br>Robert Clivillés, Pro Se | **Attorneys (If Known)**<br>Unknown |

| | |
|---|---|
| **II. BASIS OF JURISDICTION**<br>(Place an "X" in One Box Only)<br>[ ] 1 U.S. Government Plaintiff [X] 3 Federal Question<br>[ ] 2 U.S. Government Defendant (U.S. Government Not a Party)<br>[ ] 4 Diversity<br>(Indicate Citizenship of Parties in Item III) | **III. CITIZENSHIP OF PRINCIPAL PARTIES**<br>(Place an "X" in One Box for Plaintiff and One Box for Defendant)<br>(For Diversity Cases Only) |

**IV. NATURE OF SUIT**
(Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/ PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | 310 Airplane | 625 Drug Related Seizure | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 315 Airplane Prod. Liab. | 690 Other | 423 Withdrawal 28 USC 157 | 400 State Reapportionment |
| 130 Miller Act | 320 Assault/Libel/Slander | | | 410 Antitrust |
| 140 Negotiable Instr. | 330 Fed. Employers Liab. | | | 430 Banks and Banking |
| 150 Recovery Overpmt | 340 Marine | | | 820 Copyrights |
| 190 Other Contract | 350 Motor Vehicle | | | 830 Patent |
| 195 Contract Prod. Liab. | 360 Other Personal Injury | | | **[X] 840 Trademark** |
| 196 Franchise | 362 Medical Malpractice | | | **[X] 880 Defend Trade Secrets Act 2016** |
| | 365 Personal Injury Prod. Liab. | | | 890 Other Statutory Actions |
| | 380 Other Personal Prop. | | | |

**V. ORIGIN**
(Place an "X" in One Box Only)

**[X] 1 Original Proceeding** [ ] 2 Removed from State Court [ ] 3 Remanded from Appellate Court [ ] 4 Reinstated or Reopened [ ] 5 Transferred from Another District [ ] 6 Multidistrict Litigation-Transfer [ ] 8 Multidistrict Litigation-Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1114, 1119, 1125(a), 1064; 28 U.S.C. §§ 1331, 1338(a)
Brief description of cause:
Trademark infringement, false designation of origin, trademark cancellation, fraud on USPTO, unfair competition, unjust enrichment, fraud, defamation, breach of contract

| | | |
|---|---|---|
| **VII. REQUESTED IN COMPLAINT:**<br>[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | **DEMAND $** $30,000,000.00<br>(plus punitive damages and disgorgement) | **JURY DEMAND:**<br>[X] Yes [ ] No |

**VIII. RELATED CASE(S) IF ANY**
(See instructions): JUDGE: N/A DOCKET NUMBER: N/A
Note: Prior TTAB Cancellation No. 92064948 (Clivillés v. Freedom Williams Entertainment LLC) dismissed 06/25/2018 on procedural grounds; merits not adjudicated.

**FOR OFFICE USE ONLY**
RECEIPT #: ___________ AMOUNT: ___________ APPLYING IFP: ______ JUDGE: ___________ MAG. JUDGE: ___________

**PAGE ONE OF TWO — PLEASE CONTINUE TO PAGE TWO**
*** Please respond to Parts D & F on Page 2**

# CIVIL COVER SHEET — PAGE TWO

Revised 03.23.2026; Effective 03.24.2026

**PART A – CERTIFICATION OF ARBITRATION ELIGIBILITY**

Local Arbitration Rule 83.7: actions seeking money damages only not in excess of $150,000 exclusive of interest and costs are eligible for compulsory arbitration.
Case is eligible for arbitration: [ ] YES [X] NO
I, Robert Clivillés, Plaintiff Pro Se, certify this civil action is ineligible for compulsory arbitration for the following reason(s):

[X] Monetary damages sought are in excess of $150,000.00 exclusive of interest and costs
[X] The complaint seeks injunctive relief
[ ] The matter is otherwise ineligible for the following reason: ____________________

**PART B – DISCLOSURE STATEMENT – FEDERAL RULES OF CIVIL PROCEDURE 7.1**

Identify any parent corporation and any publicly held corporation that owns 10% or more of its stocks.
Plaintiff Robert Clivillés is an individual. No parent corporation or publicly held corporation applies. N/A.

**PART C – RELATED CASE STATEMENT (Section VIII on Page One of This Form)**

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on page one of this form.
Prior TTAB Proceeding: Robert Clivillés v. Freedom Williams Entertainment LLC, Cancellation No. 92064948.
Dismissed with prejudice 06/25/2018 for failure to file trial brief (procedural); merits never adjudicated. No related pending federal cases.

**PART D – NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)**

If you answer 'Yes' to any question below, this case will be designated as a Central Islip case (Office Code 2). If all 'No', this is a Brooklyn case (Office Code 1).

1. Is the action being removed from a state court located in Nassau or Suffolk County? **[ ] YES [X] NO**
2. In an action against the United States, do the majority of plaintiffs reside in Nassau or Suffolk County? **[ ] YES [X] NO**

**3a.** Did a substantial part of the events or omissions giving rise to the claim(s) occur in Nassau or Suffolk County? **[ ] YES [X] NO**
**3b.** Do the majority of defendants reside in Nassau or Suffolk County? **[ ] YES [X] NO**
**3c.** Is a substantial amount of any property at issue located in Nassau or Suffolk County? **[ ] YES [X] NO**
**4.** If this is a Fair Debt Collection Practice Act case, was the offending communication received in Nassau or Suffolk County? **[ ] YES [X] N/A**
**5.** If this is a petition based on an immigration detention (28 U.S.C. § 2241), did the arrest occur in Nassau or Suffolk County? **[ ] YES [X] N/A**

**Office Code: [X] 1 — Brooklyn [ ] 2 — Central Islip**

**PART E – BAR ADMISSION**

1. I am currently admitted to practice in the Eastern District of New York and currently a member in good standing of the bar of this Court:
[ ] YES [ ] NO — NOTE: Plaintiff is proceeding PRO SE. Bar admission section does not apply to self-represented litigants.
2. Are you currently the subject of any disciplinary action(s) in this or any other federal or state court? [ ] YES [X] NO

**PART F – IMMIGRATION HABEAS PETITIONS**

1. Is this petition based on an immigration detention, pursuant to 28 U.S.C. § 2241? [ ] YES [X] NO
2. Does this case require immediate attention of a judge? [X] YES — Pending Motion for Temporary Restraining Order and Preliminary Injunction. [ ] NO

**I certify the accuracy of all information provided above.**

Date: August 14, 2026

Signature: Robert Clivillés
Robert Clivillés, Plaintiff Pro Se