RECEIVED
AUG 14 2026
PRO SE OFFICE

ORIGINAL



**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT CLIVILLÉS,<br><br>Plaintiff,<br><br>-against-<br><br>FREEDOM WILLIAMS, an individual; FREEDOM WILLIAMS ENTERTAINMENT, LLC, a New York limited liability company; BIG MAC ENTERTAINMENT, LLC; and DOES 1 through 20,<br><br>Defendants. | Civil Action No.: ___________<br><br>PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>MEMORANDUM OF LAW IN SUPPORT<br><br>JURY TRIAL DEMANDED<br><br>PRO SE |

---

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Robert Clivillés, individually and as co-founder, surviving principal, and sole authorized user of the C+C Music Factory name and brand pursuant to the October 4, 1996 Estate Settlement Agreement ("Plaintiff"), appearing pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65 and 15 U.S.C. § 1116 for a Temporary Restraining Order ("TRO") and Preliminary Injunction enjoining Defendants Freedom Williams, Freedom Williams Entertainment, LLC, Big Mac Entertainment, LLC, and Does 1 through 20 (collectively, "Defendants") from continuing to use the name, mark, brand, and associated intellectual property of *C&C Music Factory*, a name that stands for and has always referred exclusively to its true creators, Robert Clivillés and David Cole.

Without immediate injunctive relief, Plaintiff will continue to suffer irreparable harm to the reputation, goodwill, and commercial value of the C&C Music Factory brand, harm that Defendants are actively and willfully inflicting in defiance of Plaintiff's publicly stated legal objections.

## I. INTRODUCTION AND BACKGROUND

C+C Music Factory is one of the most commercially successful and culturally recognized dance music acts in American history, with over eight million units sold, seven consecutive number-one dance chart hits, five Billboard Music Awards, five American Music Awards, two MTV

REC'D IN PRO SE OFFICE
AUG 14 26 PM12:58

Video Music Awards, and a Billboard ranking as the 44th most successful dance act of all time. The group was created by Plaintiff Robert Clivillés, who as a DJ and music producer independently composed and produced Gonna Make You Sweat (Everybody Dance Now) and then invited David Cole to join the project as his creative partner. Together they formalized their collaboration under the name Clivillés and Cole Music Factory, commercially launched as C+C Music Factory. Robert Clivillés and David Cole were the sole members of C+C Music Factory. No other individual was ever a member of the group.

Defendant Freedom Williams (born Frederick Brandon Williams) served exclusively as a featured guest artist on specific C+C Music Factory recordings, along with three other featured guest artists: Zelma Davis, Martha Wash, and Deborah Cooper. Six additional background and guest vocalists also appeared on C+C Music Factory recordings: Aaron Bernard, Craig Derry, Norma Jean Wright, Duran Ramos, Victoria Clamp, and Yolanda Lee. Williams was engaged under a Memorandum of Exclusive Recording Agreement dated January 23, 1990 (the "1990 Agreement") as an independent contractor with Cole/Clivillés Music Enterprises. The 1990 Agreement expressly provides: (a) all master recordings belong to Cole/Clivillés Music Enterprises in perpetuity; (b) Company has the perpetual worldwide right to control use of Williams' professional name; and (c) Williams may not perform using his professional name without Company's permission. Williams was never a founder, co-owner, or signed group member of C+C Music Factory.

Mr. Williams was released from his Cole and Clivillés production contract on or about June 29, 1992 to pursue his solo career as Freedom Williams on Sony Music. He toured for several years as a solo artist under his own name. Following the commercial failure of his solo career, Williams suddenly began performing as C+C Music Factory in or around 1996 without any authorization from Plaintiff Clivillés. He has continued this unauthorized conduct to the present day.

The entire documented commercial record confirms Williams' featured-only status. Every commercially released C+C Music Factory record from 1990 to 1992 credits Williams as a featured artist only, including credits on Columbia Records singles, the Gonna Make You Sweat album, international releases across Europe, the United Kingdom, Latin America, and other territories, and on-screen MTV title cards for all three major music videos. Not one commercial release identified Williams as a member, co-owner, or co-artist of C+C Music Factory. Even a 1990 A&M Records pre-C+C vinyl release, The Crew Featuring Freedom Williams, credits Williams as a featured artist while listing Produced, Arranged and Remixed by Robert Clivillés and David Cole for Cole/Clivillés Music Enterprises, with Frederick B. Williams listed only as Associate Producer.

On October 4, 1996, Plaintiff Clivillés and the Estate of David Cole, acting through Executrix Barbara Warren, entered into a formal Estate Settlement Agreement in which the Estate expressly recognized Plaintiff's exclusive right to the commercial use and exploitation of the C+C Music Factory name. In 2005, Williams obtained a federal trademark for C AND C MUSIC FACTORY (Reg. No. 2,951,551) without Plaintiff's knowledge or authorization. That

registration was cancelled on October 5, 2012 for failure to submit an Affidavit of Use under 15 U.S.C. § 1058(a)(1). Williams then obtained a second, broader registration in 2014 (USPTO Reg. No. 4775972), procured through false statements to the USPTO that he was the owner of the mark and that no other persons had rights to it. Those statements were materially false. In December 2016, Plaintiff filed a Petition to Cancel Reg. No. 4775972 before the TTAB, Cancellation No. 92064948. The petition was dismissed with prejudice in June 2018 solely due to prior counsel's failure to file a trial brief. The merits of Plaintiff's cancellation claims were never adjudicated by any tribunal.

## II. RECENT ACTS OF INFRINGEMENT AND IRREPARABLE HARM

### A. The Toilet Video (May 29, 2026)

On May 29, 2026, Williams posted a seven-minute video to the official C+C Music Factory Instagram account, which he controls through his fraudulent trademark claim, filmed while sitting on a toilet. In this video, broadcast under the C+C Music Factory brand to the group's fanbase and the general public, Williams made statements invoking Adolf Hitler, used repeated racial slurs, and directed vulgar and sexually degrading language at members of the public. Plaintiff Clivillés had no warning of or input into these statements and was forced to launch a competing official C+C Music Factory Instagram account to publicly disavow Williams' conduct.

### B. Plaintiff's Public Legal Warning (June 2, 2026)

On or about June 2, 2026, Plaintiff publicly issued a formal legal warning calling for legal action against Williams for defamation of character and the unauthorized use of the C+C Music Factory name. All Defendants are on actual notice of Plaintiff's legal objections as of at least this date.

### C. Unauthorized Commercial Release of 'Into The Future' (June 12, 2026)

On June 12, 2026, ten days after Plaintiff's public legal warning, Defendants Williams, Freedom Williams Entertainment, LLC, and Big Mac Entertainment, LLC released a new commercial single titled *Into The Future* through Big Mac Entertainment Records, explicitly marketed and branded as a C+C Music Factory release. The single was issued in three commercial versions and made available on Spotify, Apple Music, Amazon Music, YouTube Music, Tidal, and more than 80 additional digital platforms. This release was made with full knowledge of Plaintiff's legal objections, establishing willful and deliberate infringement.

## III. LEGAL STANDARD

To obtain a preliminary injunction, a movant must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that an injunction is in the public interest.

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Under the Lanham Act, 15 U.S.C. § 1116, courts have authority to grant injunctive relief to prevent violations of trademark rights. Plaintiff satisfies all four factors.

## IV. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits

#### 1. Breach of the 1990 Agreement

Williams signed the 1990 Agreement acknowledging that Cole/Clivillés Music Enterprises owns all master recordings in perpetuity, retains the perpetual worldwide right to control use of his professional name, and that he may not perform using his professional name without Company permission. Section 16 of the 1990 Agreement expressly entitles Plaintiff to seek injunctive relief for any breach. Every unauthorized performance and recording by Williams as C+C Music Factory since 1996 constitutes a continuing breach of this contract.

#### 2. False Designation of Origin, 15 U.S.C. § 1125(a)

Defendants' use of the C+C Music Factory name falsely designates the origin of their performances and recordings as being those of the original founder-led C+C Music Factory. The entire documented commercial record confirms that C+C Music Factory is the brand of Clivillés and Cole, not Freedom Williams. Defendants' conduct is likely to deceive consumers as to the affiliation, connection, sponsorship, and authorization of Defendants' goods and services.

#### 3. Fraud in Procurement of USPTO Registration

Williams' 2014 trademark registration (USPTO Reg. No. 4775972) was obtained through fraud on the USPTO. Williams registered a mark consisting of the initials of two other people, Clivillés and Cole, and claimed rights in a name that has never referred to him in any commercial context at any point in history. Plaintiff is likely to prevail on a petition to cancel. Fraud-based cancellation is not subject to the five-year incontestability bar. 15 U.S.C. § 1064.

### B. Plaintiff Will Suffer Irreparable Harm Absent Injunctive Relief

Irreparable harm is presumed in trademark cases involving likely confusion. *Salinger v. Colting*, 607 F.3d 68 (2d Cir. 2010). Here the harm is actively occurring and escalating:

**Brand Contamination:** Williams broadcast statements invoking Adolf Hitler, racial slurs, and sexually degrading language under the C+C Music Factory brand to a global audience. No

monetary award can restore a brand's reputation once publicly associated with hate speech. The brand that Plaintiff created over thirty-five years of work is being destroyed in real time.

**Ongoing Commercial Exploitation:** Defendants released new commercial music under the C+C Music Factory name on June 12, 2026 and continue to generate streaming revenue and commercial exposure through the unauthorized use of a brand that belongs exclusively to Plaintiff.

**Loss of Control:** Plaintiff has lost meaningful control over the C+C Music Factory brand's public image. Williams controls the legacy Instagram account built on Plaintiff's brand and used it to post inflammatory content without Plaintiff's knowledge or consent.

**Willful Defiance:** Defendants released new infringing commercial material ten days after receiving actual notice of Plaintiff's legal objections, demonstrating that absent a court order Defendants will continue and expand their infringing conduct.

### C. The Balance of Equities Tips Sharply in Plaintiff's Favor

Plaintiff created the C+C Music Factory brand, documented his ownership through the 1990 Agreement and the 1996 Estate Settlement Agreement, and has continuously used the name for over thirty-five years. Defendants' claimed interest derives from a trademark registration procured through false statements to the USPTO. A defendant who obtains rights through fraudulent means is not entitled to equitable protection of those rights. Enjoining Defendants from using the C+C Music Factory name does not prevent Williams from performing under his own name. It only prevents him from performing under a name that the entire documented record confirms was never his.

### D. The Public Interest Favors Injunctive Relief

The public has an interest in accurate brand identification and in being protected from consumer confusion as to the source and authorization of commercial goods and services. Every consumer who purchases a ticket to a C+C Music Factory performance or streams a C+C Music Factory recording is entitled to know whether that performance or recording is connected to the group's true founders. Defendants' conduct denies them that right. An injunction serves the public interest.

## V. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that this Court enter a Temporary Restraining Order and, following full briefing, a Preliminary Injunction ordering that Defendants, their officers, agents, employees, representatives, successors, assigns, and all persons acting in concert with them, be immediately enjoined and restrained from:

1. Using the name, mark, brand, or designation C+C Music Factory, C&C Music Factory, C and C Music Factory, or any confusingly similar variation, in connection with any live musical performance, tour, concert, promotional appearance, booking, or event;

2. Using the name, mark, brand, or designation C+C Music Factory, C&C Music Factory, C and C Music Factory, or any confusingly similar variation, in connection with the recording, production, release, distribution, or promotion of any sound recording, music video, or audio-visual work;

3. Distributing, streaming, selling, licensing, or otherwise commercially exploiting the single Into The Future (released June 12, 2026) or any other recording under the C+C Music Factory name; and directing all streaming platforms to remove said recordings from their platforms;

4. Operating, posting to, or representing themselves as administrators of any social media account, website, or online platform using the C+C Music Factory name, brand, or trademark, including the Instagram account currently operated by Defendant Williams, and directing transfer of administrative control of said account to Plaintiff Clivillés;

5. Representing to any person, promoter, booking agent, venue, record label, distributor, or media outlet that Defendants are authorized representatives of C+C Music Factory or that any performance or recording by Defendants is authorized by or affiliated with Plaintiff;

6. Licensing, sublicensing, assigning, or transferring any purported rights in the C+C Music Factory trademark or brand to any third party pending resolution of this action; and

7. Taking any further action to expand the

unauthorized use of the C+C Music Factory name, brand, or trademark to additional individuals, entities, recordings, performances, or commercial ventures.

Plaintiff further requests that this Court set an expedited briefing schedule and hearing date on the preliminary injunction, and that any bond required under Federal Rule of Civil Procedure 65(c) be set at a nominal amount in recognition of Plaintiff's pro se status and the strength of the equities in his favor.

## VI. CONCLUSION

The name C+C Music Factory has always meant one thing: Clivillés and Cole. Robert Clivillés created this brand as its originator, built it alongside David Cole, and the entire commercial record — from Columbia Records to Sony Music to MTV to international pressings across every territory — confirms that Freedom Williams was a featured guest performer and nothing more. Defendants have exploited that brand for financial gain, damaged it through reckless and inflammatory public conduct, and continued their infringement in open defiance of Plaintiff's publicly stated legal objections. Every day that passes without court intervention is another day of irreparable brand harm, consumer confusion, and unjust enrichment. Plaintiff respectfully urges this Court to grant immediate temporary and preliminary injunctive relief.

Respectfully submitted,

Robert Clivillés

**Robert Clivillés**

Plaintiff, Pro Se

100 Sunnyside Drive

Yonkers, New York 10705

Dated: August 14, 2026