ORIGINAL

Docusign Envelope ID: D6946D04-67BE-8C59-828B-1A87F1113850

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT CLIVILLÉS, Plaintiff, -against- FREEDOM WILLIAMS, an individual; FREEDOM WILLIAMS ENTERTAINMENT, LLC; BIG MAC ENTERTAINMENT, LLC; and DOES 1 through 20, Defendants. | Civil Action No. 1:26-cv-04981-DG-PCG PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT AND FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF (PRO SE) |

---

## PLAINTIFF'S SUPPLEMENTAL SUBMISSION IN FURTHER SUPPORT OF PENDING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (ECF NO. 3) AND MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT

Plaintiff Robert Clivillés ("Plaintiff"), appearing pro se, respectfully submits this supplemental submission in further support of Plaintiff's pending Motion for Temporary Restraining Order and Preliminary Injunction at ECF No. 3, and moves for leave to supplement the Complaint pursuant to Federal Rule of Civil Procedure 15(d). Plaintiff's original Complaint remains the foundation of this action. Plaintiff submits the following matters because significant additional evidence and post-Complaint events bear directly upon the claims and relief already before the Court.

## I. POST-COMPLAINT FACEBOOK/META TAKEDOWNS AND REQUEST FOR IMMEDIATE TEMPORARY AND PRELIMINARY INJUNCTIVE RELIEF

### A. Post-Complaint Enforcement of the Disputed Registration

After Plaintiff commenced this federal action challenging Defendant Freedom Williams' claimed ownership of C+C MUSIC FACTORY and Registration No. 4775972, and after Williams was served with the federal Complaint, trademark complaints based upon the disputed C+C MUSIC FACTORY registration were submitted to Meta/Facebook.

Those complaints resulted in the disabling and/or removal of both Plaintiff Robert Clivillés' personal Facebook presence and a C+C Music Factory Facebook presence.

Plaintiff received a written notice from Meta/Facebook dated August 24, 2026, stating that Plaintiff's "Robert Clivilles" Facebook account had been suspended because Meta received a



REC'D IN PRO SE OFFICE
SEP 24 '26 AM11:11

Docusign Envelope ID: D6946D04-67BE-8C59-828B-1A87F1113850

third-party notice alleging infringement of trademark rights. The notice identifies the asserted "Rights Owner" as "Freedom Williams (a/k/a Freedom Williams Media Group, Inc., as assignee and successor to Freedom Williams Entertainment, LLC)," identifies the trademark as "C&C Music Factory," identifies Report No. 1479915590830026, and provides charlie@charlieschmitt.com as the contact information associated with the complaining party. Plaintiff has preserved that notice and submits it as Exhibit A.

Plaintiff further understands from communications with Meta that withdrawal or other action by the complaining party may be necessary before certain affected pages can be restored.

**The Timing of These Events Is Significant**

The challenged trademark registration was already the subject of this federal action. Williams had been served. Yet the disputed registration was subsequently asserted in a manner that allegedly deprived Plaintiff of access not merely to a C+C Music Factory page but also to Plaintiff's personal Facebook presence. Plaintiff does not contend that commencement of this lawsuit automatically suspended or invalidated Registration No. 4775972. Rather, Plaintiff submits that the post-Complaint takedowns constitute material evidence of continuing alleged injury and demonstrate a present risk that the disputed registration may be asserted against additional Robert Clivillés and C+C Music Factory accounts, music-distribution channels, artist pages, digital-service-provider accounts, websites, promotional outlets, and other platforms before this Court has determined the parties' respective rights.

**B. Irreparable and Continuing Harm**

Plaintiff's social-media and digital presence represents substantially more than a replaceable advertising mechanism. These platforms allow Plaintiff to communicate with an established audience, preserve and disseminate historical materials, identify himself professionally, communicate with fans and music-industry participants, promote and distribute music, and maintain the public association Plaintiff alleges he lawfully possesses with the musical project he created with David Cole.

Repeated removal of established pages and distribution channels threatens loss of audience relationships, historical content, professional communications, public identity, promotional infrastructure, and business opportunities that may be difficult or impossible to reconstruct through a later monetary award. The disabling of Plaintiff's personal Facebook presence further demonstrates that the alleged injury is capable of extending beyond a conventional dispute concerning competing commercial pages. Absent narrowly tailored interim relief, Plaintiff reasonably fears additional takedown requests while the ownership controversy remains pending.

**C. Requested TRO and Preliminary Injunction**

Docusign Envelope ID: D6946D04-67BE-8C59-828B-1A87F1113850

Plaintiff respectfully requests temporary and preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65 for the limited purpose of preserving the status quo while this Court determines ownership, validity, enforceability, and the parties' respective rights. Plaintiff does not request that the Court finally adjudicate ownership of C+C MUSIC FACTORY through this preliminary application. Plaintiff instead seeks narrowly tailored interim relief intended to preserve the status quo and prevent additional allegedly irreparable harm while the Court determines the parties' respective rights.

Plaintiff is providing Defendants notice of this application and does not seek temporary relief on an ex parte basis. Plaintiff respectfully requests expedited consideration because the alleged post-Complaint enforcement activity has already resulted in the disabling of Plaintiff's established Facebook/Meta presence and presents a continuing risk that additional social-media, music-distribution, artist, promotional, and digital-platform accounts may be targeted before the Court can adjudicate the parties' underlying trademark rights.

Accordingly, Plaintiff respectfully requests that Defendants be temporarily restrained and preliminarily enjoined from:

1. Submitting or causing to be submitted additional trademark or intellectual-property complaints based upon Registration No. 4775972 seeking to disable, suspend, remove, restrict, or otherwise interfere with social-media pages or accounts owned or controlled by Robert Clivillés or used by Plaintiff in connection with C+C Music Factory;

2. Using Registration No. 4775972 to seek removal, suspension, disabling, blocking, or restriction of Plaintiff's music-distribution accounts, digital-service-provider accounts, artist pages, websites, promotional channels, social-media accounts, or other digital platforms associated with Robert Clivillés or C+C Music Factory during the pendency of this action, except as otherwise authorized by this Court;

3. Requesting or directing Meta/Facebook or another digital platform to undertake additional trademark-based enforcement against Plaintiff based upon the disputed registration while this action remains pending, except as authorized by this Court; and

4. Accomplishing indirectly, through agents, attorneys, representatives, affiliated entities, or persons acting in active concert or participation with Defendants, conduct prohibited directly by the Court's Order.

Plaintiff further respectfully requests appropriate relief concerning the already-disabled Facebook/Meta pages, including an order requiring withdrawal or retraction of the underlying complaints if the Court determines such relief appropriate.

Docusign Envelope ID: D6946D04-67BE-8C59-828B-1A87F1113850

## II. THE EXISTENCE OF WILLIAMS'S FEDERAL REGISTRATION DOES NOT, STANDING ALONE, DISPOSE OF PLAINTIFF'S OWNERSHIP AND VALIDITY CHALLENGE

Plaintiff anticipates that Defendants may seek dismissal of this action substantially on the ground that Williams and/or a Williams-related entity possesses federal Registration No. 4775972. Plaintiff respectfully submits that such an argument would improperly treat the existence of the challenged registration as dispositive of the very questions this action asks the Court to adjudicate.

Plaintiff recognizes the statutory evidentiary significance afforded to federal trademark registration. Plaintiff does not ask the Court to disregard that significance or presume the registration invalid merely because Plaintiff challenges it. But federal registration does not eliminate the statutory mechanisms through which ownership, procurement, validity, and enforceability may properly be challenged. The registration itself is one of the principal subjects of Plaintiff's claims.

Plaintiff alleges that C+C Music Factory existed and achieved international commercial prominence years before Williams sought federal registration; that Robert Clivillés and David Cole created the project; that "C+C" represented Clivillés and Cole; that Williams entered and participated as a featured performer; and that no assignment or transfer conveying ownership of C+C MUSIC FACTORY from Clivillés, Cole, or their enterprise to Williams ever occurred.

### A. The Prior TTAB Proceeding Did Not Produce a Trial Determination of the Historical Ownership Evidence

Plaintiff previously commenced TTAB Cancellation Proceeding No. 92064948 on December 7, 2016, challenging Registration No. 4775972. Plaintiff was represented by Robert B. Kleinman, Esq. The proceeding was dismissed with prejudice on June 25, 2018 following Plaintiff's counsel's failure to prosecute the proceeding as required, including failure to make the required trial submission. Plaintiff does not conceal or minimize that disposition and recognizes that Defendants may assert whatever preclusive effect they contend the law affords it.

The prior TTAB proceeding, however, did not result in a trial or evidentiary determination resolving the historical facts concerning who created C+C Music Factory, the nature of Freedom Williams's participation in the project, whether ownership of the C+C MUSIC FACTORY mark was ever assigned or transferred to Williams, or the firsthand evidence now presented by Plaintiff. Plaintiff respectfully submits that the preclusive effect, if any, of the prior TTAB disposition must be determined according to the claims, parties, issues, and relief actually subject to that proceeding and applicable law, rather than by treating the existence of the dismissal itself as an adjudication of historical ownership evidence that was never tried.

Docusign Envelope ID: D6948D04-67BE-8C59-828B-1A87F1113850

Moreover, this federal action includes allegations concerning conduct and events occurring after termination of the TTAB proceeding, including Defendants' subsequent use, maintenance, expansion, and enforcement of the disputed trademark position; alleged post-Complaint enforcement against Plaintiff's Facebook/Meta presence; the July 22, 2026 C & C MUSIC FACTORY trademark application filed through a new successor entity; and other alleged conduct that had not occurred when the TTAB proceeding was dismissed in 2018. Plaintiff respectfully submits that such subsequently arising conduct must be evaluated on its own facts and under the causes of action and remedies properly available in this Court.

Plaintiff therefore does not ask this Court to disregard the prior TTAB dismissal. Plaintiff asks only that the Court determine its proper legal effect while separately considering claims, evidence, subsequent conduct, and requested relief that were not actually adjudicated through a trial determination in the TTAB proceeding.

**B. Newly Available Firsthand Witness Evidence**

Plaintiff has identified additional firsthand witnesses who personally participated in and/or witnessed relevant events and whose declarations Plaintiff intends to submit upon execution.

**Zelma Davis**

Zelma Davis recorded and performed in connection with C+C Music Factory, participated in connection with the first C+C Music Factory album and tour, performed alongside Freedom Williams, and subsequently participated in recording activity associated with the second C+C Music Factory album. Plaintiff expects Davis's declaration to address her firsthand knowledge concerning the creation and operation of C+C Music Factory, her understanding that C+C Music Factory was created by Robert Clivillés and David Cole and that "C+C" represented Clivillés and Cole, her role as a featured guest vocalist and performer, and her understanding based on direct participation and observation that Williams likewise participated as a featured vocalist and rapper rather than as a creator of C+C Music Factory.

**Duran Ramos and Angel DeLeon — Trilogy**

Duran Ramos and Angel DeLeon of Trilogy possess firsthand knowledge concerning events predating and surrounding the creation of C+C Music Factory. Plaintiff originally wrote and/or developed Gonna Make You Sweat (Everybody Dance Now) in connection with Trilogy before that work became central to the project through which C+C Music Factory was launched. Plaintiff expects their declarations to describe their firsthand observations concerning the development of the C+C Music Factory project, their understanding that C+C Music Factory was created by Robert Clivillés and David Cole, and their understanding based on direct participation and observation that Freedom Williams participated as a featured performer rather than as one of the creators of C+C Music Factory.

Docusign Envelope ID: D6946D04-67BE-8C59-828B-1A87F1113850

### C. Significance to Any Request for Dismissal

Plaintiff respectfully submits that these allegations and sworn witnesses demonstrate why the underlying controversy cannot properly be reduced to the proposition that "Williams possesses a federal trademark registration." Plaintiff alleges a pre-registration historical record, contractual relationships, major-label documentation, decades of commercial history, absence of an assignment to Williams, and firsthand witnesses who personally participated in the events at issue.

## III. CHARLES F. SCHMITT, ESQ. — RELEVANCE TO PROCUREMENT, MAINTENANCE, AND ENFORCEMENT OF THE DISPUTED REGISTRATION

Charles F. Schmitt, Esq. has acted as trademark counsel for Freedom Williams and/or Williams-related entities in matters concerning C+C MUSIC FACTORY. **Plaintiff expressly states that Schmitt is not presently being named as a defendant, and Plaintiff is not presently asserting an independent cause of action against him.** Plaintiff identifies Schmitt because his participation may be relevant to the factual circumstances surrounding procurement, prosecution, maintenance, defense, and subsequent enforcement of the disputed registration.

### A. Schmitt's Music and Entertainment Industry Experience

According to Schmitt's publicly available professional biography, his involvement in music and entertainment substantially predates his legal career. His professional history includes radio sales, involvement with regional concert promotion, concert production, music-related entrepreneurial ventures, recording projects, touring recording artists, digital music distribution, and music-related television programming. Schmitt subsequently became an attorney practicing in areas including entertainment, media, licensing, contracts, and trademarks.

Plaintiff alleges that Schmitt's professional background and experience in the music and entertainment industries are relevant circumstances warranting discovery concerning the information available to Schmitt and his clients during the procurement, prosecution, maintenance, defense, and enforcement of Registration No. 4775972, including information concerning the historical identity of C+C Music Factory, the respective roles of Robert Clivillés, David Cole, and Freedom Williams, and the basis upon which ownership rights in the C+C MUSIC FACTORY mark were claimed.

Plaintiff does not ask the Court at this stage to make any finding concerning Schmitt's personal knowledge, intent, or liability. Plaintiff seeks discovery concerning these matters because of Schmitt's documented involvement with the disputed registration and subsequent enforcement activity alleged in this action.

Docusign Envelope ID: D6946D04-67BE-8C59-828B-1A87F1113850

**B. Historical Record Existing Before the Trademark Application**

Long before Williams sought federal registration, substantial contemporaneous materials existed concerning C+C Music Factory and the respective roles of Clivillés, Cole, Williams, Davis, and other participating artists. Those materials included Columbia/Sony recordings and packaging, album and single credits, music videos, television appearances, promotional materials, industry publications, contractual documents, and other historical records. Plaintiff alleges that substantial portions of this record support his contention that Clivillés and Cole created C+C Music Factory and that Williams participated as a featured performer, and that no written assignment or transfer conveying ownership of C+C MUSIC FACTORY to Williams exists.

**C. Relevant Questions Appropriate for Discovery**

Plaintiff respectfully submits that the circumstances warrant discovery concerning the factual basis upon which Williams's ownership position was presented and subsequently maintained. Relevant non-privileged factual issues include: what information concerning the origin and ownership of C+C MUSIC FACTORY was supplied in connection with the trademark proceedings; what information was provided concerning Williams's historical relationship with Clivillés and Cole; whether information inconsistent with Williams's claimed ownership was known to persons presenting or advocating that position; and what factual basis supported Williams's ownership position.

Plaintiff notes that 37 C.F.R. § 11.18 addresses certifications associated with papers presented to the USPTO. The subsequent Meta/Facebook complaints further make Schmitt's involvement relevant to the enforcement component of the controversy because Plaintiff possesses documentation identifying Schmitt in connection with trademark complaints that allegedly resulted in disabling Plaintiff's personal and C+C Music Factory Facebook presence.

**D. Additional Trademark Applications Relevant to the Continuing Controversy**

Plaintiff has identified additional trademark applications involving Williams-related entities that Plaintiff submits are relevant to the continuing nature and scope of the parties' trademark dispute.

First, a new trademark application for **C & C MUSIC FACTORY** was filed on **July 22, 2026**, by **Freedom Williams Media Group**, with **Charles F. Schmitt identified as the attorney of record** on that application per Trademarkia records. This application was filed after Plaintiff issued his public legal warning on June 2, 2026, and approximately three weeks after Defendants released the infringing recording Into The Future on June 12, 2026. The filing of a new trademark application for the same mark while this federal cancellation action was imminent, through a new corporate entity not previously named in any trademark proceeding, raises substantial concerns that Defendants are seeking to expand, preserve, or reposition their claimed trademark rights in C+C MUSIC FACTORY through a newly identified entity while the validity

and ownership of the underlying trademark rights are actively being litigated before this Court. Plaintiff respectfully submits that the timing, ownership structure, relationship among the applicants and Defendants, and circumstances surrounding this new application are appropriate subjects for discovery and are relevant to Plaintiff's request for prospective injunctive relief.

Second, a 2025 trademark application for **THINGS THAT MAKE YOU GO HMMM** is owned by **Freedom Williams Entertainment, LLC**, with **Charles F. Schmitt identified as the attorney of record** per Justia Trademarks. Plaintiff submits that this application is relevant not because Plaintiff contends that copyright ownership alone determines trademark ownership, but because the application represents an additional assertion of trademark rights by Williams in an identifier historically associated with the C+C Music Factory catalog. Plaintiff alleges that the song was created and released as part of the C+C Music Factory project and that Williams's participation was limited to his role as a featured performer and contributor as alleged in the Complaint. Accordingly, Plaintiff respectfully submits that the circumstances surrounding Williams's claimed trademark rights in this identifier, including the timing, ownership, and relationship to the broader C+C Music Factory trademark dispute, are appropriate subjects for discovery and are relevant to Plaintiff's request for injunctive relief.

Plaintiff does not ask the Court through this supplemental submission to adjudicate the validity of either application. Plaintiff submits them as additional evidence relevant to the continuing controversy and requests appropriate discovery concerning their factual basis, ownership assertions, and relationship, if any, to the rights disputed in this action.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff Robert Clivillés respectfully requests that the Court:

**A.** Grant temporary and preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65 sufficient to prevent additional trademark-based takedown activity against Plaintiff's personal, professional, C+C Music Factory, social-media, music-distribution, and digital-platform presence while this action remains pending;

**B.** Grant appropriate relief concerning Plaintiff's already-disabled Facebook/Meta pages upon consideration of the supporting evidence;

**C.** Grant Plaintiff leave pursuant to Federal Rule

Docusign Envelope ID: D6946D04-67BE-8C59-828B-1A87F1113850

of Civil Procedure 15(d) to file the Proposed Supplemental Complaint attached hereto, setting forth material events occurring after Plaintiff filed his original Complaint on August 14, 2026;

D. Consider the declarations of Zelma Davis, Duran Ramos, and Angel DeLeon, to be submitted upon execution, if not yet attached;

E. Permit appropriate discovery concerning the relevant, non-privileged circumstances surrounding the procurement, prosecution, maintenance, defense, and enforcement of Registration No. 4775972, including the July 22, 2026 C & C MUSIC FACTORY application and the 2025 THINGS THAT MAKE YOU GO HMMM application;

F. Preserve all claims and relief requested in Plaintiff's original Complaint except to the extent subsequently modified by order of this Court; and

G. Grant such other and further relief as the Court deems just and proper.

Docusign Envelope ID: D6946D04-67BE-8C59-828B-1A87F1113850

Respectfully submitted,

DocuSigned by:

8F05C1273AB7417...

**Robert Clivillés**

Plaintiff, Pro Se

100 Sunnyside Drive

Yonkers, New York 10705

Dated: September 1, 2026

Docusign Envelope ID: D6946D04-67BE-8C59-828B-1A87F1113850

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT CLIVILLÉS, Plaintiff, -against- FREEDOM WILLIAMS, an individual; FREEDOM WILLIAMS ENTERTAINMENT, LLC; BIG MAC ENTERTAINMENT, LLC; and DOES 1 through 20, Defendants. | Civil Action No. 1:26-cv-04981-DG-PCG PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT AND FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF (PRO SE) |

---

## AFFIRMATION OF SERVICE

---

I, Robert Clivillés, the undersigned, being the Plaintiff in the above-captioned action and appearing pro se, hereby affirm under penalty of perjury pursuant to 28 U.S.C. § 1746 and the laws of the United States of America that the following is true and correct:

On **September 1, 2026**, I served a true and complete copy of the foregoing **Plaintiff's Motion for Leave to Supplement Complaint and for Temporary Restraining Order and Preliminary Injunctive Relief**, together with all supporting papers and exhibits, upon each of the parties listed below by the method indicated:

| Party / Counsel | Address / Method of Service | Date Served |
|---|---|---|
| Freedom Williams an individual, Defendant | 473 Herkimer St. Brooklyn, New York 11213 [X] Certified Mail, Return Receipt Requested | September 1, 2026 |
| Freedom Williams Entertainment, LLC Defendant | 473 Herkimer St. Brooklyn, New York 11213 [X] Certified Mail, Return Receipt Requested | September 1, 2026 |
| Big Mac Entertainment, LLC Defendant | 740 Bella Vita St. Port Neches, Texas 77651 [X] Certified Mail, Return Receipt Requested | September 1, 2026 |

Docusign Envelope ID: D6946D04-67BE-8C59-828B-1A87F1113850

| | | |
|---|---|---|
| Charles F. Schmitt, Esq. Courtesy copy only; not yet counsel of record in this action | charlie@charlieschmitt.com [X] Email — Courtesy Copy Only | September 1, 2026 |

Service by Certified Mail was made by depositing true and correct copies of the foregoing papers in sealed envelopes, with postage prepaid, addressed to the parties listed above, in an official United States Post Office depository or collection facility in the State of New York.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

DocuSigned by:
9F05C1273AB7417...

**Robert Clivillés**

Plaintiff, Pro Se

100 Sunnyside Drive

Yonkers, New York 10705

Executed on: September 1, 2026

Docusign Envelope ID: 60D7FA24-CF47-8D12-8140-E99D5AFDCCA5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT CLIVILLÉS, Plaintiff, -against- FREEDOM WILLIAMS, individually; FREEDOM WILLIAMS ENTERTAINMENT, LLC; BIG MAC ENTERTAINMENT, LLC; and DOES 1 through 20, Defendants. | Case No. 1:26-cv-04981-DG-PCG PROPOSED SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 15(d) (PRO SE) |

**PROPOSED SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 15(d)**

Plaintiff Robert Clivillés ("Plaintiff"), appearing pro se, respectfully submits this Proposed Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d), setting forth material events occurring after Plaintiff filed his original Complaint on August 14, 2026.

1. Plaintiff commenced this action on August 14, 2026, challenging, among other things, Defendant Freedom Williams's claimed ownership of the C+C MUSIC FACTORY identity and federal Registration No. 4775972.

2. The claims, allegations, causes of action, and requested relief contained in Plaintiff's original Complaint remain before the Court except to the extent subsequently modified by order of the Court.

3. After commencement of this federal action, additional events occurred involving enforcement of the disputed C+C MUSIC FACTORY trademark registration against Plaintiff's social-media presence.

4. On August 24, 2026, Meta/Facebook transmitted a written notice to Plaintiff stating that Plaintiff's "Robert Clivilles" Facebook account had been suspended because Meta had received a third-party notice alleging infringement of trademark rights.

5. Meta's notice identifies the asserted "Rights Owner" as: "Freedom Williams (a/k/a Freedom Williams Media Group, Inc., as assignee and successor to Freedom Williams Entertainment, LLC)."

6. The Meta notice identifies the trademark asserted against Plaintiff as "C&C; Music Factory."

7. The Meta notice identifies the trademark complaint as Report No. 1479915590830026 and provides charlie@charlieschmitt.com as the email contact associated with the complaining party.

8. The Meta notice further advises Plaintiff that he may contact the complaining party directly and states that, if an agreement is reached to restore the account, the reporting party may submit a retraction through Meta's designated procedure.

9. Plaintiff possesses and has preserved the Meta notice. A true copy is submitted with Plaintiff's motion as Exhibit A.

10. The suspension occurred after Plaintiff commenced this federal action challenging Williams's asserted ownership and enforcement rights concerning C+C MUSIC FACTORY.

11. Plaintiff alleges that the post-Complaint enforcement activity demonstrates that the disputed registration continues to be asserted against Plaintiff while the ownership, validity, procurement, and enforceability of that registration remain subjects of this litigation.

12. The suspension affected Plaintiff's personal Facebook presence and therefore allegedly extends the consequences of the disputed trademark enforcement beyond a dispute concerning competing commercial C+C Music Factory pages.

Docusign Envelope ID: 60D7FA24-CF47-8D12-8140-E99D5AFDCCA5

13. Plaintiff alleges that continued enforcement of the disputed registration creates a present risk of additional interference with Plaintiff's C+C Music Factory and professional social-media accounts, artist pages, music-distribution channels, websites, promotional outlets, and related digital platforms before the Court determines the parties' respective rights.

14. Plaintiff alleges that loss of established social-media and digital accounts can cause harm including disruption of established audience relationships, historical content, professional communications, promotional infrastructure, public identity, and business opportunities that may be difficult to reconstruct through a subsequent monetary award.

15. Plaintiff does not contend that commencement of this lawsuit, standing alone, automatically suspended or invalidated Registration No. 4775972.

16. Rather, Plaintiff submits these subsequent events because they constitute additional alleged injury occurring after the filing of the Complaint and bear directly upon Plaintiff's pending request for temporary and preliminary injunctive relief.

17. Plaintiff further alleges that the circumstances surrounding the post-Complaint Meta enforcement are relevant to discovery concerning the enforcement of Registration No. 4775972, including relevant non-privileged communications and factual information concerning the submission and authorization of the trademark complaint.

18. Plaintiff does not presently assert from the Meta notice alone who personally submitted the complaint to Meta or the substance of communications among Williams, his entities, counsel, and Meta. Plaintiff seeks discovery of the relevant non-privileged facts concerning those matters.

**WHEREFORE**

Plaintiff respectfully requests that the Court:

A. Permit this Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d);

Docusign Envelope ID: 60D7FA24-CF47-8D12-8140-E99D5AFDCCA5

**B.** Consider the post-Complaint Meta/Facebook enforcement activity and Exhibit A in connection with Plaintiff's pending request for temporary and preliminary injunctive relief at ECF No. 3;

**C.** Grant such temporary and preliminary injunctive relief as the Court determines appropriate to prevent further irreparable injury during the pendency of this action;

**D.** Permit appropriate discovery concerning the relevant non-privileged circumstances surrounding the post-Complaint enforcement of Registration No. 4775972;

**E.** Preserve the claims and relief sought in Plaintiff's original Complaint except to the extent subsequently modified by order of the Court; and

**F.** Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

DocuSigned by:



9F65C1273AB7417...

**Robert Clivillés**

Plaintiff, Pro Se

100 Sunnyside Drive

Yonkers, New York 10705

Dated: September 1, 2026

*Note: This Proposed Supplemental Complaint is submitted as a separate attachment to Plaintiff's Motion for Leave to Supplement Complaint and for Temporary Restraining Order and Preliminary Injunctive Relief, as required by E.D.N.Y. Local Civil Rule 15.1. Exhibit A (Meta/Facebook suspension notice, Report No. 1479915590830026) is attached separately.*

Gmail

Henry Vargas <henryvargasinc@gmail.com>

**Fwd: A Message from Facebook**

Robert Clivilles <robertclivilles@yahoo.com>
To: Henry Vargas <henryvargasinc@gmail.com>

**Forwarded Conversation**
**Subject: A Message from Facebook**
------------------------

notification+zrdzhvfefoef@facebookmail.com

robertclivilles@gmail.com

Hello,

We suspended your account because we received a notice from a third party that it infringes their trademark rights:

Page: Robert Clivilles

If you believe that your account should not have been suspended, you can contact the complaining party directly to resolve your issue:

Report #: 1479915590830026
Rights Owner: Freedom Williams (a/k/a Freedom Williams Media Group, Inc., as assignee and successor to Freedom Williams Entertainment, LLC)
Email: charlie@charlieschmitt.com
Trademark: C&C Music Factory

If an agreement is reached to restore your account, please have the reporting party send us a retraction through the appropriate channel. Please note that the complaining party isn't required t

Alternatively, if you disagree with this decision and believe that your account shouldn't have been suspended, you can submit an appeal by logging into your account and following the instructi

You may be able to challenge our decision in court. You may be able to refer our decision to a certified dispute settlement body.

Get information about dispute settlement bodies at https://www.facebook.com/external_appeals/dl/?usecase=fb_ip_claim_reporter_appeal&object_id=100090240865767&decision_source_id=

For more information about intellectual property, please visit the Help Center:
https://www.facebook.com/help/intellectual_property/?ref=cr

Thanks,

The Facebook Team

robertclivilles@gmail.com

notification+zrdzhvfefoef@facebookmail.com

# REQUEST FOR IMMEDIATE REINSTATEMENT OF ROBERT CLIVILLÉS AND C+C MUSIC FACEBOOK PAGES

**To: Meta / Facebook Intellectual Property & Appeals Team**

**Dear Meta/Facebook Intellectual Property Team:**

I am writing to formally request the immediate review and reinstatement of my Facebook pages associated with **Robert Clivillés and C+C Music Factory**, which I understand were disablec or trademark violation.

I believe this action may have resulted from a trademark claim made by or on behalf of **Freedom Williams, a/k/a Frederick B. Williams**, concerning the name **C+C Music Factory**. That tra circumstances surrounding its procurement and use, are presently the subject of active federal litigation.

I am attaching the **federal Summons and Complaint that has been filed and served against Mr. Williams**, which includes claims concerning the C+C Music Factory trademark and alleg Williams obtained and has used the trademark registration.

## C+C MUSIC FACTORY AND ROBERT CLIVILLÉS

I am **Robert Clivillés, the founder and creator of C+C Music Factory**.

The name **C+C Music Factory** derives from **Clivillés + Cole Music Factory**, referring to myself, Robert Clivillés, and my late musical partner, **David Cole**.

Freedom Williams was a featured/guest vocalist and rapper on certain C+C Music Factory recordings. He was not Clivillés or Cole, and his later trademark registration does not change the I Music Factory name or my longstanding association with and asserted rights concerning C+C Music Factory.

My contractual and historical relationship with **Sony Music**, together with original recording agreements, album and single credits, photographs, music, videos, promotional materials, press provides extensive evidence concerning my creation and operation of C+C Music Factory.

The C+C Music Factory intellectual property and materials used on my pages—including music, photographs, biographies, historical materials and other content—are materials that I mainta by **Robert Clivillés, Clivillés & Cole, Inc., and/or C+C Music Factory, Inc., as applicable.**

## ACTIVE FEDERAL LITIGATION AND THE DISPUTED TRADEMARK REGISTRATION

The competing trademark claims are now before a **United States federal court**.